UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LAHEEM SMITH,<br>　　　Plaintiff, | : <br> : <br> : <br> : | CASE NO. 3:16-cv-2027 (MPS) |
| v. | : <br> : |  |
| JANE DOE 1, et al.,<br>　　　Defendants. | : <br> : <br> : | JANUARY 10, 2017 |

---

**INITIAL REVIEW ORDER**

　　　Plaintiff Laheem Smith, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for deliberate indifference to a serious medical need. Plaintiff names as defendants Nurse Jane Doe 1 and Head Nurse Jane Doe 2 from New Haven Correctional Center, Physician's Assistant Kevin McCrystal from MacDougall, and the Review Committee of the University of Connecticut Health Center. He seeks damages and injunctive relief. The complaint was received by the Court on December 12, 2016. The plaintiff's motion to proceed *in forma pauperis* was granted on December 21, 2016. (ECF No. 6.)

　　　The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.      Allegations

On February 20, 2016, Plaintiff injured his left leg while playing basketball at New Haven Correctional Center.  He was taken to the medical unit in a wheelchair.

Plaintiff told Nurse Doe 1 that he heard and felt something pop inside his left leg and experienced severe pain.  Defendant Doe 1 asked Plaintiff if he could move his ankle.  In response, Plaintiff stated that the injury was in his leg.  Defendant Doe 1 told Plaintiff that he was not a doctor and should not tell her how to diagnose him.  Plaintiff asked to be taken to the hospital.  Defendant Doe 1 gave Plaintiff ibuprofen and ordered him to return to his housing unit.  To do so, Plaintiff had to walk up six flights of stairs.

The following day, Plaintiff was given one crutch but was told that he could not use the crutch outside his cell.  Plaintiff submitted numerous complaints to the medical unit complaining

of pain and his injury.

Plaintiff was called to the medical unit on March 3, 2016, where he was seen by Head Nurse Doe 2. She did not order x-rays or an MRI. Defendant Doe 2 diagnosed Plaintiff with a partially torn Achilles tendon and told him that she would order a special boot so his leg would heal properly.

On March 14, 2016, Plaintiff was transferred to the Walker building at MacDougall-Walker Correctional Institution. He informed the medical unit of his injury and stated that he expected to receive the special boot ordered by defendant Doe 2. On April 17, 2016, Plaintiff was called to the medical unit and given a special boot to wear for six weeks. He was told that defendant Doe 2 never ordered a boot for him.

On May 9, 2016, Plaintiff was transferred to the MacDougall building. He informed the medical unit of his injuries and told them that the six week period for wearing the boot would end on May 19, 2016. A nurse recommended that he see a specialist before having the boot removed. In June 2016, Plaintiff saw defendant McCrystal. Plaintiff told him that he continued to experience severe pain. Defendant McCrystal prescribed ibuprofen and told Plaintiff that he would schedule an x-ray.

On June 13, 2016, x-rays were taken of Plaintiff's left ankle. The x-rays revealed a chronic injury to the Achilles tendon as well as insertional tendonitis of the Achilles tendon. The doctor interpreting the x-ray suggested that an MRI could be performed to specifically evaluate the tendon. Upon learning the results of the x-ray, Plaintiff again requested an MRI.

Defendant McCrystal submitted a request for an MRI to the Review Committee. In the request, defendant McCrystal falsely stated that Plaintiff had pending litigation against the

University of Connecticut and Department of Correction. The Review Committee denied the request for MRI.

II.    Analysis

Plaintiff alleges that the defendants Doe 1, Doe 2, and McCrystal were deliberately indifferent to his serious medical need in the following ways. Defendant Doe 1 failed to provide proper care, failed to ensure that Plaintiff was seen by a doctor, denied emergency medical care, and forced Plaintiff to walk up six flights of stairs. Defendant Doe 2 failed to have Plaintiff seen by a doctor and did not order the special boot. Defendant McCrystal ordered x-rays of Plaintiff's left ankle rather than his left leg, and improperly stated in the MRI request that Plaintiff had a pending lawsuit. Plaintiff also alleges that defendant Review Committee retaliated against him by denying the MRI request because of the false statement.

To state a claim for deliberate indifference to a serious medical need, Plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of

4

deliberate indifference and is not cognizable under section 1983. *See id.* Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). While a disagreement over treatment is not cognizable under section 1983, the treatment actually given must be adequate. *See Chance*, 143 F.3d at 703.

Plaintiff alleges that the x-ray revealed chronic injury to the Achilles tendon and that Defendant Doe 2 diagnosed a partial tear of the Achilles tendon. The Second Circuit has held that a ruptured Achilles tendon is a serious medical need. *See Hemmings v. Gorczyk*, 134 F.3d 104, 109 (2d Cir. 1998). Other courts have found that a torn Achilles tendon also constitutes a serious medical need. *See, e.g., Bradford v. Owens*, No. 3:11-cv-P488-DJH, 2016 WL 7015662, at *8 (W.D. Ky. Nov. 29, 2016) (citing cases). The Court considers Plaintiff's allegations sufficient to show a serious medical need.

Defendants Doe 1 and Doe 2 were responsible for Plaintiff's medical care for six weeks. They did not ensure that he was seen by a doctor or that his complaints of severe pain were addressed. The allegations are sufficient to state a plausible claim for deliberate indifference to a serious medical need against them.

Defendant McCrystal ordered some treatment for Plaintiff but included a false statement regarding litigation activity in the MRI request. The Court can discern no medical relevance for this statement. Thus, the statement appears to have been included to ensure that the request was denied. This allegation supports the subjective component of the deliberate indifference standard. The deliberate indifference claim will proceed as to defendant McCrystal.

Finally, Plaintiff asserts a retaliation claim against defendant Review Committee of the

University of Connecticut Health Center. He contends that the Review Committee denied the MRI request because of the false statement regarding pending litigation. Section 1983 requires that each defendant be a person acting under color of state law. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State… subjects or causes to be subjected…."). State agencies, however, are not persons within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Ferla v. Correctional Managed Health Care*, No. 3:15-cv-1303(MPS), 2015 WL 5826812, at *2 (D. Conn. Oct. 2, 2015) (University of Connecticut Health Center and its divisions are not persons within the meaning of section 1983). Thus, the Review Committee is not a person subject to suit. The claim against the Review Committee is dismissed. Plaintiff may amend his complaint to reassert this claim provided he can identify the members of the committee who denied his request.

III.  Conclusion

The retaliation claim against defendant Review Committee is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the claims for deliberate indifference to a serious medical need against defendants Doe 1, Doe 2 and McCrystal. Plaintiff may amend his complaint to reassert his retaliation claim provided he can identify the persons on the Review Committee who denied his request.

The Court enters the following orders:

(1)  **The Clerk shall** verify the current work address for defendant McCrystal with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed addresses within **twenty-one (21) days** of this Order, and report

6

to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     Defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

(11) The Court cannot effect service on defendants Doe 1 and Doe 2 without their names and current work addresses. Plaintiff is directed to seek this information during discovery and file a notice identifying defendants Doe 1 and Doe 2 when he obtains the information. Once the defendants have been identified, the Court will issue an order for service.

**SO ORDERED** this 10th day of January 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge