# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAHEEM SMITH,<br>  Plaintiff, | : <br> : <br> : | CASE NO. 3:16-cv-2027 (MPS) |
| v. | : <br> : <br> : | |
| JANE DOE 1, et al.,<br>  Defendants. | : <br> : <br> : | OCTOBER 25, 2017 |

## ORDER FOR SERVICE

Plaintiff Laheem Smith, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for deliberate indifference to a serious medical need and retaliation. Plaintiff named as defendants Nurse Jane Doe 1 and Head Nurse Jane Doe 2 from New Haven Correctional Center, Physician's Assistant Kevin McCrystal from MacDougall, and the Review Committee of the University of Connecticut Health Center. On January 10, 2017, the Court filed an Initial Review Order determining that Plaintiff alleged sufficient facts to state plausible deliberate indifference claims against Defendants Doe 1, Doe 2 and McCrystal, directing service of the complaint on defendant McCrystal and ordering plaintiff to identify the Defendants Doe. Although the Court dismissed the retaliation claim against the members of the Review Committee, the Court stated that Plaintiff could renew that claim if he could identify the committee members. (ECF No. 7.)

Plaintiff has filed an amended complaint in which he identifies Defendant Doe 1 as Ms. Inly and Defendant Doe 2 as Maria Koslawy. He also reasserts his retaliation claim against

Review Committee members Ann Cowen, Ellen Esenberg, Ted Rosenkranez, Peter Shulman, John Harrison, Susan Tannenbaum and John Peluso. As Plaintiff has complied with the Court's instructions, the amended complaint will be served on the newly added defendants.

The Court enters the following orders:

(1) **The Clerk shall** verify the current work address for Defendants Inly, Koslawy, Cowen, Esenberg, Rosenkranez, Shulman, Harrison, Tannenbaum and Peluso with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint to each defendant at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on Defendants Inly, Koslawy, Cowen, Esenberg, Rosenkranez, Shulman, Harrison, Tannenbaum and Peluso in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send Plaintiff a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

2

(5)     Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the Plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)    Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the

court.

**SO ORDERED** this 25th day of October 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge